UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM WATKINS,

    Plaintiff,

v.

MARK ARNTZ,

    Defendant.

Case No. 1:13-cv-147

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil rights action brought under 42 U.S.C. § 1983. The lawsuit arises out of plaintiff's confinement at the Kent County Correctional Facility (KCCF). Plaintiff alleges that on December 29, 2012, Corrections Officer Mark Arntz used excessive force in violation of his constitutional rights by pushing plaintiff into his cell, which caused him to fall and sustain injuries. The matter is before the court on defendant's motion for summary judgment. (docket # 33). Plaintiff did not file a response to defendant's motion. For the reasons set forth herein, I recommend that defendant's motion for summary judgment be granted.

**Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

Although plaintiff elected not to file a response to the motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine defendant's motion to ensure that he has discharged his burden.

**Proposed Findings of Fact**

The following facts are established by the affidavit of defendant Arntz (ID#s 103-08), which is the only factual matter properly before the court. Plaintiff was an inmate at the Kent County Correctional Facility (KCCF). Officer Mark Arntz is a corrections officer at KCCF. On December 29, 2012, when Officer Arntz tried to close plaintiff's cell's door, plaintiff held it open and made an attempt to get out. Arntz's right arm blocked plaintiff's exit. Plaintiff then backed away from the door. Officer Arntz could not immediately close the door because a toilet paper roll had been interposed to prevent it from closing. Arntz removed the object, closed the door, and left the area to attend to other duties. Arntz did not push plaintiff or otherwise assault him.

Plaintiff later filed suit, claiming that he had been pushed, slipped, fell, and injured his "left hand/thumb."[1] X-rays of plaintiff's hand and thumb revealed no evidence of any fracture or dislocation. Plaintiff has failed to present any evidence in support of his claim that Arntz pushed or otherwise assaulted him.

---

[1] Plaintiff's complaint is not verified or submitted under penalty of perjury. It cannot be considered as his affidavit in opposition to defendant's motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

**Discussion**

"Section 1983 does not confer substantive rights; rather it is only a means of vindicating rights already conferred by the Constitution or laws of the United States." *Burgess v. Fischer*, No. 12-4191, __ F.3d __, 2013 WL 5873323, at * 4 (6th Cir Nov. 1, 2013)(citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)). Analysis of a section 1983 claim "begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham*, 490 U.S. at 394. Plaintiff alleges defendant used excessive force, but he does not invoke any particular source of constitutional protection.

In *Burgess*, the Sixth Circuit noted: "Excessive force claims [] can be raised under the Fourth, Eighth, and Fourteenth Amendments. Which amendment [] applie[s] depends on the status of the plaintiff at the time of the incident; that is whether the plaintiff was a free citizen, a convicted prisoner, or fit in some gray area between the two." 2013 WL 5873323, at * 4. Plaintiff does not identify his status at the time of the incident alleged. This gap in the record is immaterial, however, for purposes of analyzing defendant's motion. I will assume that plaintiff's claim arises under the Fourth Amendment, which provides the most favorable standard for a plaintiff alleging excessive force.

"The Fourth Amendment's prohibition against unreasonable seizures bars excessive force against free citizens." *Id.* at * 4 (citing *Lanman v. Hinson*, 529 F.3d 673, 680-81 (6th Cir. 2008)). Assuming that plaintiff is asserting an excessive force claim under the Fourth Amendment, he has not presented any evidence on which a reasonable trier of fact could find a constitutional violation. *See Burgess*, 2013 WL 5873323, at * 4; *Martin v. City of Broadview Heights*, 712 F.3d 951, 958 (6th Cir. 2013); *Dunigan v. Noble*, 390 F.3d 486, 493 (6th Cir. 2004). The record is devoid

of admissible evidence supporting plaintiff's claim that defendant pushed or otherwise assaulted him. Having found no possible constitutional violation under the most lenient standard available, *see Burgess*, 2013 WL 5873323, at * 4, it is not necessary to conduct a separate analysis of plaintiff's claim under the more demanding standards applicable to claims of convicted prisoners under the Eighth Amendment's Cruel and Unusual Punishments Clause or pretrial detainees under the Fourteenth Amendment's Due Process Clause. *Id.*

Plaintiff's claim of excessive force fails for want of any supporting proof. Defendant is entitled to summary judgment.

**Recommended Disposition**

I recommend that defendant's motion for summary judgment (docket # 33) be granted. In light of the aforementioned recommendation on the merits, I further recommend that defendant's motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a) (docket # 16) be dismissed as moot.

Dated: November 15, 2013    /s/ Joseph G. Scoville
                            United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).